UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:24-CR-9-REW-HAI-2 |
| v. | ) ) | ORDER |
| ANTHONY TREVELL NORMAN, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 53 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Anthony Trevell Norman's guilty plea and adjudge him guilty of Count One of the Indictment. *See* DE 1 (Indictment); DE 53 at 2 (Recommendation of Acceptance of Guilty Plea). Judge Ingram expressly informed Norman of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 53 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 53, **ACCEPTS** Norman's guilty plea, and **ADJUDGES** Norman guilty of Count One of the Indictment.

2. The Court **CANCELS** the jury trial as to this Defendant.

3. The Court will issue a separate sentencing order.[1]

This the 30th day of May, 2024.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Judge Ingram detained Norman after the plea hearing. *See* DE 52. This was also Norman's status entering the hearing. *See* DE 35. Absent an intervening order, Norman will remain in custody pending sentencing.